UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. MELLON and JADIE BARRINGER III, | |
| Plaintiffs, | No. 2:25-cv-01998-TLN-CKD |
| v. | |
| SIERRA DONOR SERVICES; DCI DONOR SERVICES, INC.; DONNA SMITH; SEAN VAN SLYCK; JILL GRANDAS; and DOES 1 through 50, inclusive, | **ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiffs Phillip J. Mellon and Jadie Barringer III's (collectively, "Plaintiffs") Motion to Remand. (ECF No. 6.) Defendant DCI Donor Services ("DCI") filed an opposition. (ECF No. 15.) Plaintiffs did not reply.[1] For the reasons set forth below, Plaintiffs' motion is DENIED.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of Defendants' alleged labor violations. From 2021 to 2024, Plaintiffs were employed by DCI and Sierra Donor Services as "Administrators on Call." (ECF

---

[1]   Plaintiffs also filed a Notice of Errata. (ECF No. 16.) The Court notes that Plaintiffs' errata pertained, in part, to their Complaint. To the extent Plaintiffs wish to correct or change their Complaint, they will need to amend.

1

No. 1-2 at 5.) Plaintiffs allege DCI Donor Services, Sierra Donor Services, and their executives or supervisors, Donna Smith, Sean Van Slyck, and Jill Grandas (collectively "Defendants") "knowingly misclassified Plaintiffs as exempt employees, failed to pay overtime wages, denied them lawful meal and rest breaks, and retaliated against them for raising concerns." (*Id.* at 3.) Plaintiffs further allege they were "constructively terminated and subsequently defamed harming their reputations and future employment prospects," further causing economic loss and emotional distress. (*Id.* at 3, 6.)

Plaintiffs filed suit against Defendants in Sacramento County Superior Court on June 23, 2025 alleging state law wage and hour violations, retaliation, constructive termination, defamation, breach of confidentiality, unfair business practices, and intentional infliction of emotional distress. (*Id.*) DCI timely filed a notice of removal on July 16, 2025 averring that all remaining defendants consented to removal. (ECF Nos. 1, 1-1.) Plaintiffs timely filed the instant motion to remand. (ECF No. 6.)

## II. STANDARD OF LAW

Any state court civil action over which "the district courts of the United States have original jurisdiction" may be removed to federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over suits that present a federal question or where the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The Ninth Circuit has articulated a "strong presumption" against removal jurisdiction. *See id.*; *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

## III. ANALYSIS

Both diversity and federal question jurisdiction are at issue here. DCI asserts this Court has (1) federal question jurisdiction over a single claim that is subject to federal preemption, with supplemental jurisdiction over the remaining claims, and (2) diversity jurisdiction because there is

2

complete diversity between the Plaintiffs and the "properly served" Defendants. (ECF Nos. 1, 15.) Plaintiffs argue (1) federal question jurisdiction does not arise from defensive preemption and (2) under the removal statute, diversity jurisdiction is defeated by a forum defendant.[2] (ECF No. 6.) The Court discusses federal question and diversity jurisdiction in turn.

### A. Federal Question Jurisdiction Under 28 U.S.C. § 1331

A court has federal question jurisdiction where the civil action arises under federal law. 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392. Accordingly, "a case may not be removed on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393. A corollary to the "well-pleaded complaint rule" is the "complete preemption" doctrine. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Under this doctrine, the preemptive force of a federal statute may be strong enough to convert state law claims into federal claims. *Id.* Complete preemption recognizes the importance of creating a single body of federal law for areas that would likely "be affected by separate systems of substantive law." *See Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962).

In its notice of removal, DCI asserts that one of Plaintiffs' twelve claims is federally preempted and, thus, confers federal question jurisdiction. (ECF No. 1 at 9–11.) Specifically, DCI argues Plaintiffs' "claims of retaliation fail as a matter of law because they are preempted by [§§ 7 and 8 of] the National Labor Relations Act ('NLRA'), 29 U.S.C. §§ 151-169" under *San*

---

[2] Plaintiffs also contend that the removal is procedurally defective because all Defendants did not properly join the removal. (ECF No. 6 at 5.) However, DCI's counsel — the same counsel representing all Defendants — swore under penalty of perjury that all Defendants consent to removal of this action. (ECF No. 1-1 at 2.) "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Accordingly, the consent of Defendants that were served at the time of the removal was sufficient. The Court also notes that, even if Defendant Sean Van Slyck's consent was premature, he has not since filed an objection to the removal or joined Plaintiffs' motion to remand.

*Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon*, 359 U.S. 236 (1959).[3] (*Id.* at 9–10.) Plaintiffs counter that a "defense such as preemption cannot create federal question jurisdiction." (ECF No. 6 at 4.)

Plaintiffs are correct. *Garmon* preemption is defensive and does not create original jurisdiction in federal courts. *See Caterpillar*, 482 U.S. at 398; *cf. Int'l Longshoremen's Ass'n, AFL-CIO v. Davis*, 476 U.S. 380, 392–393 (1986). DCI fails to note the Ninth Circuit's long-held view that "state law actions claimed to be preempted by sections 7 and 8 of the NLRA are not removable to federal court." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1400 (9th Cir. 1988); *see also Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1270 (9th Cir. 1994) ("[D]istrict courts do not have original federal question jurisdiction over state-law claims which are subject to a defense of *Garmon* preemption, and [] such claims may not be removed to federal court.") (citing *Ethridge*, 861 F.2d at 1396–1401).

Plaintiffs allege only state law claims, none of which are subject to "complete preemption." (ECF No. 1-2.) Regardless of any alleged defenses, this Court does not have jurisdiction under 28 U.S.C. § 1331 for any claim in this case.

### B. Diversity Jurisdiction Under 28 U.S.C. § 1332

A court has diversity jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (*i.e.*, complete diversity) at the time the action was filed and at the time of removal. *See id*; *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). However, a civil action otherwise removable based on diversity jurisdiction may not be removed if any of the defendants is a citizen of the state in which the action is brought, known as the "forum defendant rule." *See* 28 U.S.C. § 1441(b)(2); *Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024).

---

[3] Based on the allegations in the Complaint, the Court is skeptical of DCI's contentions that Plaintiffs engaged in union activity protected by §§ 7 and 8 of the NLRA, but the Court need not, and does not, opine on the issue in the instant motion. *See* 29 U.S.C. §§ 157 and 158(a)(1)–(3).

1    In this case, the primary impediment to diversity jurisdiction through removal is the
2 presence of a forum defendant.[4]  The Parties agree that Defendant Sean Van Slyck is a citizen of
3 California (ECF Nos. 1 at 5; 6 at 4), thus, a forum defendant who would typically defeat diversity
4 jurisdiction under the forum defendant rule.  *See* 28 U.S.C. § 1441(b)(2); *Casola*, 98 F.4th at 950.
5 However, DCI argues that the Court should disregard the citizenship of Defendant Van Slyck
6 when assessing jurisdiction for two reasons: (1) he is a "sham defendant" and (2) he was not
7 properly served at the time of removal.  (ECF No. 15 at 4–6.)  Plaintiffs dispute only the first
8 contention.  (ECF No. 6.)

*i. Fraudulent Joinder*

10    DCI first argues that Defendant Van Slyck is a "sham" defendant joined only to defeat
11 diversity jurisdiction.  (ECF No. 15 at 6.)  DCI contends that Plaintiffs do not state a viable claim
12 of intentional infliction of emotional distress against him and previews his potential defenses.
13 (*Id.* at 3–4.)  Plaintiffs argue that they have alleged a claim against Defendant Van Slyck
14 sufficient to survive the standard for fraudulent joinder under *Grancare, LLC v. Thrower by &*
15 *through Mills*, 889 F.3d 543 (9th Cir. 2018).  (ECF No. 6 at 5.)

16    Without invoking the term of art, DCI argues fraudulent joinder.  To establish fraudulent
17 joinder, a court must consider whether there is "a possibility that a state court would find that the
18 complaint states a cause of action" against him.  *See Grancare*, 889 F.3d at 548.  The removing
19 defendant "bears a heavy burden" in attempting to show removal is proper given the "general
20 presumption against fraudulent joinder."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th
21 Cir. 2009).

22    Importantly, "the test for fraudulent joinder and for failure to state a claim under Rule
23 12(b)(6) are not equivalent."  *Grancare*, 889 F.3d at 549.  "Courts in the Ninth Circuit have only

---

[4]  The amount in controversy well exceeds the $75,000 jurisdictional threshold because Plaintiffs' complaint alleges "total claims exceed $1.6 million."  (ECF No. 1-2 at 15).  Additionally, the Parties do not dispute that all plaintiffs are diverse from all defendants in this case.  Plaintiffs are citizens of Florida (ECF No. 1-2 at 3); Defendants DCI, Sierra Donor Services, and Jill Grandas are citizens of Tennessee (ECF No. 1 at 5); Defendant Donna Smith is a citizen of New Mexico (*Id.*); Defendant Sean Van Slyck is a citizen of California (*Id.*); and the citizenship of Doe defendants are disregarded under 28 U.S.C. § 1441(b).

1  found defendants to be 'sham' defendants whose citizenship can be ignored when 'it is
2  abundantly obvious that [a plaintiff] could not possibly prevail.'" *Carrick v. Peloton Interactive,*
3  *Inc.*, No. 24-cv-00212-PCP, 2024 WL 3378332, at *4 (N.D. Cal. July 10, 2024) (citing *Morris v.*
4  *Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001)).

5  In their Complaint, Plaintiffs stated a cause of action against Defendant Van Slyck for
6  intentional infliction of emotional distress. (ECF No. 1-2.) Given the conclusory nature of
7  Plaintiffs' allegations against Defendant Van Slyck, Plaintiffs' claim may not survive a motion to
8  dismiss. But that is not the standard. *See Grancare*, 889 F.3d at 549. Any deficiency in the
9  complaint may be cured by amendment. *See id.* ("If a defendant cannot withstand a Rule
10 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must
11 consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff
12 leave to amend."). Moreover, DCI does not point to any additional evidence that joinder was
13 fraudulent.

14 DCI has not carried its burden for fraudulent joinder. The conclusory allegations against
15 Defendant Van Slyck may require life support — in the form of facts — but the claim is possibly
16 viable through amendment, which precludes against a finding of fraud.

17                              *ii.   Snap Removal*

18 DCI makes a second pitch to disregard Defendant Van Slyck's citizenship in the
19 jurisdictional determination, arguing that he was not properly served at the time of removal –
20 at best, service was not effective until the day after removal – and removal is not barred if the
21 forum defendant has not been served. (ECF No. 15 at 4–6.) Plaintiffs did not dispute DCI's
22 contention that service on Defendant Van Slyck was not effective at the time of removal.

23 DCI has undertaken "snap removal," a procedural tactic to circumvent application of the
24 forum-defendant rule by removing a case prior to service on the forum defendant. (*See* ECF No.
25 15 at 4.) *See Casola*, 98 F.4th at 950. The removal statute states: "a civil action otherwise
26 removable solely on the basis of jurisdiction under section 1332(a) of this title may not be
27 removed if any of the parties in interest *properly joined and served* as defendants is a citizen of
28 the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (*emphasis added*).

1   Consequently, when a defendant removes the action before all defendants — namely any forum
2   defendants — have been served, they can manufacture removal jurisdiction to defeat the
3   plaintiff's choice of forum.  This litigation tactic, exploiting a loophole in the removal statute, has
4   increased with the advent of e-filing and invites gamesmanship between litigants.

5   Whether snap removal is permissible is an open question in the Ninth Circuit and district
6   courts are divided on this issue. *See Casola*, 98 F.4th at 964 n.17.  "Speaking generally, district
7   courts [in the Ninth Circuit] have coalesced within judicial districts to, among other things, not
8   'disrupt the settled expectations of litigants' within the relevant judicial district." *Villasenor v.*
9   *Quadient, Inc*., No. 25-cv-00300-FWS-JDE, 2025 WL 958378, at *4 (C.D. Cal. Mar. 28, 2025);
10  *see also Estate of Joseph v. Sub Sea Sys., Inc*., No. 2:25-CV-00496-DAD-AC, 2025 WL
11  2307838, at *3 (E.D. Cal. Aug. 11, 2025) (collecting cases and discussing district practices).

12  The Eastern District of California has permitted snap removal in narrow circumstances.
13  Generally, snap removal is impermissible when the forum defendant seeks removal or when no
14  defendants have been served.  *See Estate of Joseph v. Sub Sea Sys., Inc*., No. 2:25-cv-00496-
15  DAD-AC, 2025 WL 2307838, at *7 (E.D. Cal. Aug. 11, 2025) (snap removal prohibited when
16  forum defendant sought removal); *Morris v. Alza Corp*., 2010 WL 2652473 (E.D. Cal. July 1,
17  2010) (snap removal prohibited when plaintiffs were deprived of "a sufficient opportunity to
18  serve the forum defendant" because the case was removed two days after the suit was filed);
19  *Hoskinson v. Alza Corp*., 2010 WL 2652467 (E.D. Cal. July 1, 2010) (same).

20  However, when a non-forum defendant has been served and seeks removal, as in this case,
21  the plain language of the removal statute must control, regardless of the propriety of snap
22  removal.  *See May v. Haas*, No. 2:12-cv-01791-MCE-DAD, 2012 WL 4961235 (E.D. Cal. Oct.
23  16, 2012) (allowing snap removal when non-forum defendant removes with sufficient time for
24  service on all defendants); *see also Casola*, 98 F.4th at 964 n.17 (discussing courts of appeals'
25  reliance on plain text in permitting snap removal).

26  Here, DCI is a non-forum defendant; it was served and timely removed; the remaining
27  defendants consented to removal; and it is undisputed that service was not effective on the forum
28  defendant at the time of removal.  Consequently, there was no forum defendant "properly joined

and served" at the time of removal to defeat diversity jurisdiction.[5]  Removal was not barred by the plain language of the statute and the case was "otherwise removable" on diversity grounds. 28 U.S.C. § 1441(b)(2).

Accordingly, the Court finds it has diversity subject matter jurisdiction over this action and the case was properly removed.

### IV.  CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Remand is DENIED.  (ECF No. 6.)

IT IS SO ORDERED.

Date: October 24, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court does not lose diversity jurisdiction once Defendant Van Slyck is properly served. If removal is proper at the time the notice is filed, "subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand." *Spencer v. United States District Court*, 393 F.3d 867, 871 (9th Cir. 2004).